RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 06/24/08

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| DIANA TATE | CIVIL ACTION NO. 07-1144 |
| VERSUS | JUDGE MELANÇON |
| ACE AMERICAN INS. CO., ET. AL. | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Before the Court are Ace American Insurance Company ("Ace American") and SHRM Catering Services, Inc.'s ("SHRM") (collectively, "defendants") Motions for Partial Summary Judgment and Memoranda in Support thereof [Rec. Docs. 12 & 13] and Diana Tate's ("Tate" or "plaintiff") Memorandum in Opposition thereto [Rec. Doc. 18]. For the reasons that follow, defendants' Motions [Rec. Doc. 12 & 13] will be **GRANTED**.

## I. BACKGROUND

The pertinent facts of this case are not in dispute.[1] Plaintiff was employed by SHRM d/b/a Eurest Support Services as a catering hand assigned to work aboard the Thunderhorse, an offshore vessel. SHRM was an independent contractor and neither owned nor operated the vessel.[2] On March 30, 2007, during the course and scope of her employment, plaintiff attempted to replace two empty, five-gallon water bottles on the third level of the vessel with full water bottles from the fourth level. To

---

[1] See Plaintiff's Opposition [Rec. Doc. 18], pg. 1.

[2] Affidavit of Philip Fremin [Rec. Doc. 13-2]; Plaintiff's Statement of Uncontested Material Facts [Rec. Doc. 18-2], pg. 2.

complete this task, Tate proceeded to the fourth level, retrieved the first water bottle, placed it beneath her right arm, then descended the stairs to the third level and lifted the bottle into position atop the dispenser. The same process was repeated for the second bottle; however, as plaintiff was placing the second bottle atop the dispenser, she experienced pain from the right side of her back into her right hip which ultimately necessitated her evacuation from the vessel. Plaintiff alleges her injuries are solely the result of carrying and lifting the water bottles and does not allege any other circumstance that may have contributed to the injuries.[3]

While replacing the water bottles was a part of Tate's general duties aboard the vessel, no one specifically directed her to change the water bottles at that time. Upon being hired by SHRM, Tate was instructed that if there was a task which she could not complete, she was to advise her supervisor or ask for assistance in completing the task.[4] Despite this admonition, Tate neither advised her supervisor that she was unable to complete the task nor requested assistance despite the availability of other on-duty crew members.

On July 10, 2007, Tate filed her complaint naming SHRM and Ace American as defendants alleging negligence under the Jones Act, breach of the warranty of seaworthiness, and failure to pay maintenance and cure. Defendants filed motions

---

[3] One gallon of water weighs approximately 8.34 pounds. *See* http://ct.water.usgs.gov/education/trivia.htm. The full water bottles, then, weighed approximately 41.7 pounds.

[4] *Deposition of Diana Tate* [Rec. Doc. 12-4], pgs. 82-3.

2

for partial summary judgment alleging that plaintiff's claim for damages under the Jones Act and for unseaworthiness are without merit. Plaintiff opposes these motions.

## II. SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (*en banc*). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[5] *Id.* at 322-23. Once

---

[5] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.* at 322.

the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.*, 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson*, 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 97 (5th Cir. 1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

### III. LAW & ANALYSIS

At the outset, it is noted that, in plaintiff's Opposition [Rec. Doc. 18], counsel

failed to offer even a *soupçon* of evidentiary or jurisprudental support in opposing defendants' Motions for Summary Judgment [Rec. Docs. 12 & 13]. Rather, counsel chose to rely solely on unsupported allegations and conclusory statements of law in an attempt to create a material issue of fact. In this endeavor, he has failed.

A. Plaintiff's claims of Unseaworthiness

Tate admits that SHRM neither owned nor operated the vessel, yet asserts a cause of action for breach of the warranty of seaworthiness. This warranty is premised on the *vessel owner's* non-delegable duty to ensure that the vessel is reasonably fit to be at sea. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 441 (2001) (*citing Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 550 (1960)); *Baker v. Raymond Int'l.*, 656 F.2d 173, 181 (5th Cir. 1981) (*citing Daniels v. Florida Power & Light Co.*, 317 F.2d 41, 43 (5th Cir. 1963)).[6] Plaintiff argues that "[. . .] the broader question of 'seaworthiness' concerns whether the employer has an adequately trained 'crew' aboard the vessel so as to avoid the injuries described in the Claimant's original complaint."[7] While not an entirely incorrect statement of law, *see i.e. Dillon v. M.S. Oriental Inventor*, 426 F.2d 977, 979 (5th Cir. 1970), plaintiff's

---

[6] There is one exception to the general rule that this duty is non-delegable. "A bareboat or demise charter [ . . . ], whereby the charterer assumes 'full possession and control of the vessel,' *Reed v. Steamship Yaka*, 373 U.S. 410, 412, 83 S.Ct. 1349, 1351, 10 L.Ed.2d 448 (1963), constitutes the only form of charter that purports to invest temporary powers of ownership in the charterer and, therefore, constitutes the only conceivable basis on which the vessel owner could seek to escape liability for the unseaworthiness of his vessel." *Baker*, 656 F.2d at 181-82 (*citing Guzman v. Pichirilo*, 369 U.S. 698 (1962)). However, plaintiff does not allege, and there is no evidence to suggest, that this very limited exception is applicable in this case.

[7] *Plaintiff's Statement of Uncontested Material Facts* [Rec. Doc. 18-2], pg. 2.

argument ignores the non-delegable nature of the warranty of seaworthiness. As SHRM was neither owner nor operator of the vessel, it cannot be held liable for a breach of this warranty regardless of whether it actually supplied an adequate crew.[8] Accordingly, plaintiff's claim for damages for breach of the warranty of seaworthiness must be dismissed.

B.   *Jones Act Negligence Claim*

In addition to the unseaworthiness claim, plaintiff also asserts a cause of action for negligence under the Jones Act. The Jones Act, 46 U.S.C. § 30101, *et. seq.*, permits a seaman to sue his employer for personal injuries suffered as a result of the employer's negligence. *Cain v. Transocean Offshore USA, Inc.*, 518 F.3d 295, 298 (5th Cir. 2008) (*citing Park v. Stockstill Boat Rentals, Inc.*, 492 F.3d 600, 602-03 (5th Cir. 2007)).[9] Unlike in a claim for unseaworthiness, under the Jones Act, the employer does not have to be the owner or operator of the vessel to be liable. *Guidry v. South Louisiana Contractors*, 614 F.2d 447 (5th Cir. 1980). Instead, if, as in this case, the plaintiff is a seaman, the employer will be liable for any injury caused, in whole or in part, by the employer's negligence. *Gautreaux v. Scurlock*

---

[8]   It is true that one of the duties imposed on a Jones Act employer is the duty to provide a safe place to work. *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 374 (5th Cir. 1989). While this duty is similar to the warranty of seaworthiness imposed on the owner and/or operator of the vessel, it is a separate and distinct cause of action. *See Hlodan v. Ohio Barge Line, Inc.*, 611 F.2d 71, 74 (5th Cir. 1980) (*citing Mitchell v. Trawler Racer, Inc.*, 364 U.S. 539, 550 (1960)). The application of this duty in this case is more fully discussed *infra*.

[9]   In this motion, defendants do not dispute Tate's status as a seaman under the Jones Act. Thus, for the purposes of deciding this motion, the Court will presume Tate is, in fact, a seaman.

*Marine, Inc.*, 107 F.3d 331, 335 (5th Cir. 1997).

The standard of care required of both Jones Act employers and seamen is ordinary prudence under the circumstances. *Gautreaux*, 107 F.3d at 335.[10] In this case, it is undisputed that SHRM provided plaintiff classes regarding how to safely lift and carry heavy objects.[11] Plaintiff was also instructed that, if there was a task she could not handle, she should request assistance or inform her supervisor. Tate did neither.[12] Instead, she made the unilateral decision to attempt to replace the 41 pound water bottles on her own despite the presence of other crew members who were on duty and available to assist. On the basis of the record before the Court, it is clear that SHRM took every reasonable precaution to ensure plaintiff's safety and acted prudently under the circumstances. Any negligence which may have caused plaintiff's injuries was in no way attributable to SHRM. Instead, it is the plaintiff's own negligence in failing to request the available assistance which led to her injuries. Thus, her claim of negligence under the Jones Act must be dismissed.

---

[10] In plaintiff's Opposition, counsel claims the correct standard of care is the "featherweight" standard. However, in *Gautreaux*, *supra*, the Fifth Circuit specifically dismissed this assertion and held that ". . . nothing in the text or structure of the FELA-Jones Act legislation suggests that the standard of care to be attributed to either an employer or an employee is anything different than ordinary prudence under the circumstances." *Gautreaux*, 107 F.3d at 338. The standard cited by plaintiff is the standard for proving causation, not the requisite standard of care. As negligence must be shown before an analysis of causation is required, it is not necessary to consider the applicability of this standard in this case.

[11] *Deposition of Diana Tate* [Rec. Doc. 12-4], pgs. 82-3.

[12] *Id.*

## IV. CONCLUSION

Defendants have carried their burden in showing an absence of support for plaintiff's claims of unseaworthiness and negligence. Plaintiff's *de minimus* objection falls far short of establishing a material issue of fact. For these reasons, defendants' Motions [Rec. Docs. 12 & 13] will be **GRANTED** and plaintiff's claims for negligence under the Jones Act and unseaworthiness will be **DISMISSED**.